

**IT IS ORDERED as set forth below:**

**Date: May 21, 2026**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>Zia Alexis Marshay Sifford,<br><br>**Debtor(s)**.<br><br>―――――――――――<br><br>Progress Residential Borrower 5, LLC<br><br>**Movant**<br><br>v.<br><br>Zia Alexis Marshay Sifford, Debtor(s);<br>Zorana Dandy, Codebtor(s);<br>and K. Edward Safir, Trustee<br>  **Respondents**. | CASE NO. 25-63432-pwb<br>CHAPTER 13<br><br>Judge Paul W. Bonapfel<br><br>CONTESTED MATTER |

**ORDER GRANTING MOTION FOR RELIEF FROM STAY, STRICT COMPLIANCE**

Debtor and Movant previously entered into a consent order between Debtor and Movant,

dated April 21, 2026 [Doc. 21], requiring Debtor to resume strict compliance with the lease post

petition commencing May 1, 2026. Debtor further agreed to cure the post petition arrearage owing

through April 2026 via payments of $ 7,740.26 by April 15, 2026.

1

As evidenced by Movant's subsequent default Motion to Lift Stay for Debtor's Noncompliance With Strict Compliance Order, filed on May 18, 2026 [Doc 23], as supported by adequate notice upon Debtor/Debtor's counsel [Doc 23-1] and further evidenced by an affidavit of noncompliance [Doc 23-2], Debtor failed to strictly comply with the terms agreed between the parties, particularly Debtor failed to resume strict compliance under the lease agreement commencing May 1, 2026, having failed to pay $2,473.46 post-petition rent, late fees, and utilities for May 2026.

No response has been filed by Debtor or codebtor in opposition to Movant's motion to lift the automatic stay in light of the default with the strict compliance order [Doc 21].

**ORDERED** that Movant's Motion is granted.  The automatic stay pursuant to 11 U.S.C. §§ 362(d) and 1301 of the Bankruptcy Code is MODIFIED to allow Movant to pursue dispossessory proceedings against Debtor as-available under Georgia law to recover possession of the Property, and that the Property be abandoned as property of the estate.

**ORDERED** that Movant may obtain a post-petition judgment within the course of a dispossessory action, including to recover possession of the Property, but Movant is not permitted to pursue any collection activities on that judgment as to property of the estate during the pendency of the instant Bankruptcy.

**ORDERED** that, pursuant to Movant's Motion, the 14 day stay prescribed by Bankruptcy Rule 4001(a)(4) is waived to allow Movant to proceed immediately with a dispossessory action;

**[END OF DOCUMENT]**

**Order presented by:**

THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
Tel: (404) 692-4342
Email: mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)

Distribution List:

W. Douglas Jacobson
Law Office of Douglas Jacobson LLC
11539 Park Woods Cir, Ste 304
Alpharetta, GA 30005
*Counsel for Debtor*

Matthew F. Totten
THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
*Counsel for Movant*

K. Edward Safir
Standing Chapter 13 Trustee
Ste 1600
285 Peachtree Center Ave NE
Atlanta, GA 30303
*Trustee*

Zia Alexis Marshay Sifford, Debtor
1292 Lock Heath Trl
Lawrenceville, GA 30045

Zorana Dandy, Codebtor
1292 Lock Heath Trl
Lawrenceville, GA 30045